■ In the Matter of MAIN SENECA CORPORATION et al., Appellants, v TOWN OF AMHERST INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents. (Appeal No. 2.) [670 NYS2d 279] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: At the outset, we note that petitioners appeal from an order that was subsumed in a subsequent judgment. In our discretion, we treat the appeal as taken from the judgment

(*see,* CPLR 5520 [c]; *Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988).

Petitioners commenced this CPLR article 78 proceeding alleging, *inter alia,* that two separate determinations of respondent Town of Amherst Industrial Development Agency (AIDA) violated the general purposes provisions of General Municipal Law § 858 and the anti-pirating provisions contained in General Municipal Law § 862. In the first determination, AIDA approved the construction and funding of an office building sponsored by respondent the Uniland Partnership, L.P. (Uniland). In the second determination, AIDA approved a sublease of approximately 5% of the proposed building to respondent BDO Seidman, L. L. P. (BDO Seidman), an accounting firm then leasing office space in the Statler Towers in the City of Buffalo.

Supreme Court dismissed that petition, concluding that AIDA's actions did not violate the general purposes provisions of General Municipal Law § 858 or the anti-pirating provisions of General Municipal Law § 862.

With respect to AIDA's approval of the construction of the building, we conclude that there was no error. With respect to AIDA's approval of the BDO Seidman sublease, we conclude that AIDA violated General Municipal Law § 862 (1). The court erred in determining that BDO Seidman had not "abandoned" its leased office space in the City of Buffalo (*see,* General Municipal Law § 862 [1]). At the time AIDA approved the sublease, BDO Seidman had an existing lease in the Statler Towers and that lease still had one month to run when BDO Seidman moved into the Uniland building. We further conclude that BDO Seidman's move from the City of Buffalo to the Town of Amherst constituted a move from "one area of the state to another" within the terms of General Municipal Law § 862 (1). We decline to accept the court's reasoning that an "area" should be defined for purposes of the anti-pirating statute as an "area of economic impact"; rather, an "area" is akin to a "municipality".

Neither of the two exceptions in General Municipal Law § 862 (1) is applicable. Nothing in the record indicates that BDO Seidman, absent approval of the sublease, would move to a location outside the State or that the move was reasonably necessary to preserve the competitive position of the firm in its industry. Rather, the record establishes that BDO Seidman sought to move its facilities to the Uniland office building for the convenience of its customers and employees.

We conclude, therefore, that AIDA wrongly approved the

Uniland sublease of a portion of the office building to BDO Seidman. We modify the judgment by reinstating this petition insofar as it challenges the determination approving the sublease and by granting judgment in favor of petitioners on that part of the petition and nullifying the sublease. Such nullification necessarily has tax consequences because the portion of the building leased to BDO Seidman was taxed differently from that occupied by other tenants. Because the court did not address the issue of tax consequences, we remit this matter to Supreme Court for further proceedings consistent with this memorandum. (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—CPLR art 78.) Present—Pine, J. P., Hayes, Wisner, Boehm and Fallon, JJ.