■ In the Matter of MAIN SENECA CORPORATION et al., Appellants-Respondents, v TOWN OF AMHERST INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents-Appellants, and BDO SEIDMAN, LLP, Respondent. [738 NYS2d 476] —Appeal and cross appeals from an amended judgment (denominated amended order and judgment) of Supreme Court, Erie County (Glownia, J.), entered January 5, 2001, which ordered respondent The Uniland Partnership, L.P. to pay respondent Town of Amherst Industrial Development Agency, for remittance to the respective taxing authorities, the taxes attributable or allocable to the facilities occupied or used by respondent BDO Seidman, LLP.

It is hereby ordered that the amended judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul the determinations of respondent Town of Amherst Industrial Development Agency (AIDA) to grant financial assistance for an office building sponsored by respondent The Uniland Partnership, L.P. (Uniland) and to approve a sublease of approximately 5% of that building to respondent BDO Seidman, LLP (BDO Seidman). On a prior appeal, we concluded that Supreme Court erred in dismissing the petition in its entirety. We modified the judgment by reinstating the petition insofar as it challenged the determination approving the sublease and by granting judgment in favor of petitioners on that part of the petition and nullifying the sublease. We remitted the matter to Supreme Court to determine the tax consequences of the nullification of the sublease (*Matter of Main Seneca Corp. v Town of Amherst Indus. Dev. Agency,* 248 AD2d 930, *lv dismissed* 92 NY2d 1023). Upon remittal, Supreme Court ordered Uniland to pay AIDA, for remittance to the respective taxing authorities, the taxes attributable or allocable to the facilities occupied or used by BDO Seidman and avoided to date because of AIDA's financial assistance to the project, with interest. We affirm.

General Municipal Law § 862 (1) provides in relevant part that "[n]o financial assistance * * * shall be used in respect of any project if the completion thereof would result in the removal of a facility or plant of the project occupant from one area of the state to another area of the state." General Municipal Law § 854 (14) defines the term financial assistance as "the proceeds of bonds issued by an agency, straight-leases, or exemptions from taxation claimed by a project occupant as a result of an agency taking title, possession or control (by lease,

license or otherwise) to the property or equipment of such project occupant or of such project occupant acting as an agent of an agency." Based upon AIDA's approval of the office building, Uniland avoided mortgage recording taxes, sales tax on the construction materials, and real property taxes. Contrary to petitioners' contention, Uniland is not required to pay all of the taxes that it avoided upon AIDA's approval of the office building. Rather, it must pay only that portion of the taxes attributable to BDO Seidman's occupancy of the building. There is no allegation that any other sublease of the office building violated General Municipal Law § 862 (1). Further, contrary to the contention of AIDA and Uniland, the taxes Uniland must pay include a percentage of the mortgage recording taxes and sales tax on the construction materials it avoided on the construction and financing of the building. Present—Green, J.P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.