■ MOHAWK GROUP, L.P., et al., Appellants, v TOWN OF AMHERST INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents. [765 NYS2d 717] —Appeal from an order of Supreme Court, Erie County (Glownia, J.), entered December 5, 2001, which denied plaintiffs' motion for summary judgment on the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting plaintiffs' motion in part and granting judgment as follows: It is adjudged and declared that the second floor of the office

building known as 500 Corporate Parkway is and has been from its inception fully subject to real property taxes, sales tax on the construction materials, and mortgage recording taxes and by directing defendant The Uniland Partnership of Delaware, L.P. to pay defendant Town of Amherst Industrial Development Agency, for remittance to the respective taxing authorities, the taxes attributable or allocable to the second floor of the office building known as 500 Corporate Parkway, with interest and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum:

Plaintiffs commenced this action seeking, inter alia, judgment declaring that an office building, known as 500 Corporate Parkway (Building), located in the Town of Amherst is and has been from its inception fully subject to real property taxes, sales tax on the construction materials, and mortgage recording taxes. In March 1998 defendant Town of Amherst Industrial Development Agency (AIDA) adopted a resolution approving the construction and funding of the Building, which was sponsored by defendant The Uniland Partnership of Delaware, L.P. (Uniland). On March 6, 2000, AIDA adopted a resolution to convey the second floor of the Building to Uniland, and shortly thereafter did so by quitclaim deed. Uniland then leased the second floor of the Building to Entercom Communications Corporation (Entercom), which relocated its offices from throughout the City of Buffalo to the Building.

Supreme Court erred in denying in its entirety plaintiffs' motion for summary judgment on the complaint and, instead, should have granted that part of the motion with respect to the second floor of the Building. Plaintiffs established that AIDA violated the anti-pirating provisions contained in General Municipal Law § 862 (1) by providing financial assistance for the Building, which resulted in Entercom removing its facility "from one area of the state to another area of the state" (*id.*; *see Matter of Main Seneca Corp. v Town of Amherst Indus. Dev. Agency,* 100 NY2d 246, 251 [2003], *affg* 248 AD2d 930, 292 AD2d 812 [1998]). Although the second floor of the Building is now fully taxable by virtue of the conveyance to Uniland, the real property taxes, sales tax on the construction materials, and mortgage recording taxes attributable to the second floor previously were avoided, based upon AIDA's approval of the construction of the building. Uniland must therefore pay AIDA, for remittance to the respective taxing authorities, the taxes attributable or allocable to the second floor of the Build-

ing and avoided to date because of AIDA's financial assistance to the Building, with interest (*see id.* at 252). Contrary to plaintiffs' contention, "Uniland is not required to pay all of the taxes that it avoided upon AIDA's approval of the office building," but rather only that portion of the taxes allocable to the second floor (*Matter of Main Seneca Corp.*, 292 AD2d at 813).

Defendants failed to preserve for our review their further contention that the complaint is time-barred and, in any event, that contention is lacking in merit. This declaratory judgment action is governed by the four-month statute of limitations for CPLR article 78 proceedings (*see Town of Webster v Village of Webster,* 280 AD2d 931, 933 [2001]; *see generally Press v County of Monroe,* 50 NY2d 695, 701-704 [1980]; *Solnick v Whalen,* 49 NY2d 224, 229-230 [1980]). The statute began to run on March 6, 2000, the date on which AIDA adopted the resolution to convey the second floor of the Building to Uniland so that Uniland could then lease that portion of the Building to Entercom. Plaintiffs commenced this action on June 30, 2000, within the four-month statute of limitations (*see* CPLR 217 [1]). Contrary to defendants' contention, the statute did not begin to run in March 1998, when AIDA adopted the resolution approving the construction and funding of the Building.

We have considered the remaining contentions of the parties and conclude that they are without merit. We therefore modify the order by granting plaintiffs' motion in part and granting judgment declaring that the second floor of the Building is and has been from its inception fully subject to real property taxes, sales tax on the construction materials, and mortgage recording taxes. We further modify the order by directing Uniland to pay AIDA, for remittance to the respective taxing authorities, the taxes attributable or allocable to the second floor of the Building, with interest, and we remit the matter to Supreme Court, Erie County, to calculate that amount. Present—Green, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.