■ MARINE BUFFALO ASSOCIATES, L.P., et al., Respondents, v TOWN OF AMHERST INDUSTRIAL DEVELOPMENT AGENCY et al., Appellants. [773 NYS2d 667]—

Appeals from a judgment (denominated order) of the Supreme Court, Erie County (John A. Michalek, J.), entered July 17, 2002. The judgment granted plaintiffs' motion for partial summary judgment on the complaint and denied the cross motions of defendants Town of Amherst Industrial Development Agency, Ciminelli Development Company, Inc., individually and as agent for a limited liability company to be formed, and Fireman's Fund Insurance Company for summary judgment dismissing the complaint against them.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting judgment in favor of plaintiffs as follows: "It is adjudged and declared that the September 20, 1996 Resolution of defendant Town of Amherst Industrial Development Agency approving subleases for defendants Fireman's Fund Insurance Company and Lustig & Brown, L.L.P. for the 400 Centerpointe project is in violation of section 862 of the General Municipal Law and directing defendant Ciminelli Development Company, Inc., individually and as agent for a limited liability company to

be formed, to pay defendant Town of Amherst Industrial Development Agency, for remittance to the respective taxing authorities, the taxes attributable or allocable to those portions of the 400 Centerpointe project occupied by defendants Fireman's Fund Insurance Company and Lustig & Brown, L.L.P., with interest, and as modified the judgment is affirmed without costs."

Memorandum: Supreme Court properly granted plaintiffs' motion for partial summary judgment on the complaint. Plaintiffs established that defendant Town of Amherst Industrial Development Agency (AIDA) violated the anti-pirating provisions contained in General Municipal Law § 862 (1) by providing financial assistance for the 400 Centerpointe project, which resulted in defendants Fireman's Fund Insurance Company (Fireman's Fund) and Lustig & Brown, L.L.P. (Lustig & Brown) removing their facilities "from one area of the state to another area of the state" (*id.*; *see Matter of Main Seneca Corp. v Town of Amherst Indus. Dev. Agency,* 100 NY2d 246, 251 [2003]). Contrary to defendants' contentions, the exception to General Municipal Law § 862 that removal was "reasonably necessary to preserve the competitive position of the project occupant in its respective industry" is not applicable (§ 862 [1]). The conclusory averments submitted by Fireman's Fund and Lustig & Brown that the move was necessary for them to remain competitive are not sufficient to establish the exception to General Municipal Law § 862. Moreover, the record establishes that Fireman's Fund and Lustig & Brown sought to move their facilities for the convenience of their customers and employees, not to maintain competitiveness with other firms in their industries (*see Main Seneca Corp.,* 100 NY2d at 251-252).

Although the court properly granted plaintiffs' motion, it failed to declare the rights of the parties in this declaratory judgment action (*see Pless v Town of Royalton,* 185 AD2d 659, 660 [1992], *affd* 81 NY2d 1047 [1993]; *Hayner Hoyt Corp. v Utica First Ins. Co.,* 306 AD2d 806, 808 [2003]) and to direct payment of taxes, which were avoided to date because of AIDA's financial assistance. We therefore modify the judgment by granting judgment in favor of plaintiffs declaring that the September 20, 1996 Resolution of AIDA approving subleases for Fireman's Fund and Lustig & Brown for the 400 Centerpointe project is in violation of section 862 of the General Municipal Law and directing defendant Ciminelli Development Company, Inc., individually and as agent for a limited liability company to be formed, to pay AIDA, for remittance to the respective taxing authorities, the taxes attributable or allocable to those portions

of the project occupied by Fireman's Fund and Lustig & Brown, with interest (*see Mohawk Group v Town of Amherst Indus. Dev. Agency*, 309 AD2d 1184, 1185-1186 [2003]). Present— Green, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.