■ GARY EVANS, Appellant, v ROYAL INSURANCE COMPANY, Respondent. [596 NYS2d 262] —Judgment unanimously modified on the law and as modified affirmed with costs to plaintiff and judgment granted in accordance with the following Memorandum: Defendant failed to meet its burden of demonstrating that the allegations of the personal injury complaint fall solely and entirely within the policy exclusion of liability arising out of the ownership, maintenance or use of motor vehicles owned or operated by an insured *(see, Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419, 425). Because the facts alleged raise a reasonable possibility that plaintiff may be held liable for an act or omission covered by the policy, defendant is obligated to provide a defense *(see, Meyers & Sons Corp. v Zurich Am. Ins. Group,* 74 NY2d 298, 302; *Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663, 669-670).

Defendant's duty to defend is broader than its duty to indemnify *(see, Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61, 65; *Ruder & Finn v Seaboard Sur. Co., supra,* at 669-670). "[W]here complaints allege alternative theories upon which ultimate liability may be based, questions of indemnification should usually be determined in the underlying lawsuits, not in a declaratory judgment action" *(Aetna Cas. & Sur. Co. v Liberty Mut. Ins. Co.,* 91 AD2d 317, 323-324). Given the alternative theories alleged in the personal injury complaint, a declaration with respect to defendant's obligation to pay a judgment rendered against plaintiff would be premature.

We modify the judgment, therefore, by denying defendant's cross motion for summary judgment, reinstating the complaint, granting in part plaintiff's motion for summary judgment and declaring that defendant has a duty to defend plaintiff in the underlying personal injury action. (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J. —Declaratory Judgment.) Present—Callahan, J. P., Green, Fallon, Boomer and Boehm, JJ.