Appeal from a judgment of the Court of Claims (Jeremiah J. Moriarty, III, J.), entered May 7, 2012. The judgment, among other things, denied the motion of third-party defendants for summary judgment insofar as it sought a declaration that third-party defendant American Home Assurance Co. is not required to defend or indemnify defendants and third-party claimants State of New York or the New York State Thruway Authority under the New York Special Protective Highway policy and granted the cross motion of defendants and third-party claimants for partial summary judgment in part and declared that third-party defendant American Home Assurance Co. is obligated to defend, inter alia, defendant and third-party claimant New York State Thru way Authority under that policy.
It is hereby ordered that said appeal insofar as taken by third-party defendants AIG Domestic Claims, Inc. and New Hamp *1286 shire Insurance Co. is unanimously dismissed and the judgment is affirmed without costs.
Memorandum: On July 26, 2006, claimant’s decedent sustained fatal injuries when the motorcycle that he was operating collided with a vehicle on the exit 56 ramp of the New York State Thruway. In June 2006, defendant and third-party claimant New York State Thruway Authority (NYSTA) contracted with a contractor to perform construction work on the exit 56 interchange. Pursuant to the contract, the contractor obtained insurance from third-party defendants New Hampshire Insurance Co. (New Hampshire) and American Home Assurance Co. (American), naming NYSTA as an additional insured. After plaintiff commenced a personal injury and wrongful death action against defendants and third-party claimants (hereafter, third-party claimants), third-party defendants disclaimed coverage. Thereafter, third-party claimants commenced a third-party action seeking a declaration that New Hampshire and American were required to provide NYSTA with a defense in the underlying action and to indemnify defendant and third-party claimant State of New York (State). Third-party defendants moved for, inter alia, summary judgment declaring that they are not obligated to defend or indemnify third-party claimants. Third-party claimants cross-moved for, inter alia, partial summary judgment declaring that American is required to defend NYSTA in the underlying action. As relevant to this appeal, the Court of Claims denied third-party defendants’ motion for summary judgment insofar as it sought a declaration that American is not obligated to defend or indemnify the State or NYSTA under the New York Special Protective Highway policy and granted third-party claimants’ cross motion in part and declared that American is obligated to defend, inter alia, NYSTA under that policy. Third-party defendants appealed. We conclude that New Hampshire and third-party defendant AIG Domestic Claims, Inc. are not aggrieved by the judgment and thus the appeal, insofar as taken by those parties, must be dismissed (see CPLR 5511), and we otherwise affirm.
An insurer’s duty to defend is “ ‘exceedingly broad’ and an insurer will be called upon to provide a defense whenever the allegations of the complaint ‘suggest ... a reasonable possibility of coverage’ ” (Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006], quoting Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 648 [1993]; see Henderson v New York Cent. Mut. Fire Ins. Co., 56 AD3d 1141, 1142 [2008]). Thus, the duty to defend exists “ ‘even though facts outside the four corners of [the] pleadings indicate that the claim may be merit- *1287 less or not covered’ ” (Automobile Ins. Co. of Hartford, 7 NY3d at 137, quoting Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 63 [1991]; see also BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714 [2007]). We conclude that where, as here, the claim, “[i]f[ ] liberally construed, ... is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be” |(Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663, 670 [1981], rearg denied 54 NY2d 753 [1981]) and without regard to whether the insurer “may not be required to pay once the litigation has run its course” (Automobile Ins. Co. of Hartford, 7 NY3d at 137).
With respect to indemnification, that determination will abide the trial (see id. at 138; Incorporated Vil. of Cedarhurst v Hanover Ins. Co., 89 NY2d 293, 300 [1996]). Present — Scudder, EJ., Peradotto, Garni, Valentino and Whalen, JJ.