■ HILLCREST COATINGS, INC., et al., Respondents, v COLONY INSURANCE COMPANY, Appellant. [56 NYS3d 394]—

Appeal from an order and judgment (one paper) of the Supreme Court, Wyoming County (Deborah A. Chimes, J.), entered July 20, 2016. The order and judgment, inter alia, denied defendant's motion for summary judgment, granted in part plaintiffs' cross motion for summary judgment, dismissed defendant's first, third, sixth, eleventh and twelfth affirmative defenses, and declared that defendant is obligated to provide a defense to plaintiffs in the underlying litigation.

It is hereby ordered that the order and judgment so appealed from is unanimously modified on the law by denying that part of the cross motion with respect to the first and third affirmative defenses and reinstating those affirmative defenses and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiffs (hereafter, Hillcrest plaintiffs) commenced this action seeking, inter alia, a declaration that defendant is obligated to defend and indemnify them in the underlying environmental tort action. The plaintiffs in the underlying action (hereafter, tort plaintiffs) alleged, inter alia, that the Hillcrest plaintiffs operated their "glass, plastic and paper recycling facility" in a negligent fashion, allowing hazardous materials and substances to be discharged into and to contaminate the areas where the tort plaintiffs resided and worked. The tort plaintiffs further alleged that the Hillcrest plaintiffs "operated their facility in a way that has caused a malodorous condition to be created in the surrounding neighborhood." At the time the underlying action was filed, the Hillcrest plaintiffs were insured under a commercial general liability policy issued by defendant. That policy contained a hazardous materials exclusion, which provided that the insurance would not apply to bodily injury, property damage or personal and advertising injury "which would not have occurred in whole or [in] part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'hazardous materials' at any time." Hazardous materials were defined as " 'pollutants', lead, asbestos, silica and materials containing them." Pollutants were defined as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

Defendant moved for summary judgment dismissing the complaint, contending that the hazardous materials exclusion precluded coverage for the claims asserted by the underlying plaintiffs. The Hillcrest plaintiffs cross-moved for summary judgment on the complaint as well as dismissal of various affirmative defenses. Supreme Court denied defendant's motion and granted the Hillcrest plaintiffs' cross motion in part, declaring that defendant was obligated to provide a defense for the Hillcrest plaintiffs in the underlying tort litigation but determining that a declaration concerning indemnification was not "ripe." In addition, the court, inter alia, granted those parts of the cross motion seeking dismissal of the first and third affirmative defenses and awarding the Hillcrest plaintiffs reimbursement of the cost of the defense. We conclude that the

court properly denied defendant's motion and granted that part of the cross motion seeking a declaration that defendant had a duty to defend the Hillcrest plaintiffs in the underlying tort action and ordered defendant to reimburse the Hillcrest plaintiffs for the cost of the defense. We agree with defendant, however, that the court erred in granting the cross motion insofar as it sought dismissal of the first and third affirmative defenses, and we therefore modify the order and judgment accordingly. We note at the outset that defendant does not address that part of the order and judgment dismissing three other affirmative defenses and is therefore deemed to have abandoned its appeal with respect to the dismissal of those affirmative defenses (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984 [1994]).

It is well settled that an insurance company's duty to defend is " 'exceedingly broad,' " and is broader than the duty to indemnify (*Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]; *see Henderson v New York Cent. Mut. Fire Ins. Co.*, 56 AD3d 1141, 1142 [2008]). The duty to defend arises whenever allegations of an underlying complaint suggest " 'a reasonable possibility of coverage,' " even if facts outside the pleadings " 'indicate that the claim may be meritless or not covered' " (*Automobile Ins. Co. of Hartford*, 7 NY3d at 137; *see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [2007]; *Batt v State of New York*, 112 AD3d 1285, 1286-1287 [2013]; *see also Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]). "[U]pon a motion such as this[,] the court's duty is to compare the allegations of the complaint to the terms of the policy to determine whether a duty to defend exists" (*A. Meyers & Sons Corp. v Zurich Am. Ins. Group*, 74 NY2d 298, 302-303 [1989]).

Moreover, "exclusions are subject to strict construction and must be read narrowly" (*Automobile Ins. Co. of Hartford*, 7 NY3d at 137). "In order to establish that an exclusion defeats coverage, the insurer has the 'heavy burden' of establishing that the exclusion is expressed in clear and unmistakable language, is subject to no other reasonable interpretation, and is applicable to the facts" (*Georgetown Capital Group, Inc. v Everest Natl. Ins. Co.*, 104 AD3d 1150, 1152 [2013], quoting *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 654-655 [1993]).

Here, liberally construing the allegations set forth in the second amended complaint in the underlying action (*see Automobile Ins. Co. of Hartford*, 7 NY3d at 137; *Henderson*, 56 AD3d at 1142), we conclude that there is a reasonable possibility of coverage, and that defendant therefore did not meet its

heavy burden of establishing as a matter of law that the hazardous materials exclusion precludes coverage. The tort plaintiffs alleged in the second amended complaint that the Hillcrest plaintiffs' operation of the facility "caused a malodorous condition to be created in the surrounding neighborhood." Although many of the factual assertions in the second amended complaint allege that the odor resulted from hazardous materials, those are not the only factual allegations therein. Indeed, foul odors are not always caused by the discharge of hazardous materials. Inasmuch as there is a reasonable possibility of coverage, the court properly declared that defendant is obligated to defend the Hillcrest plaintiffs in the underlying tort action and ordered defendant to reimburse them for the cost of the defense.

Defendant contends, and we agree, that the court erred in granting that part of the cross motion seeking dismissal of the first and third affirmative defenses, which allege that coverage was barred because the claims in the tort action did "not allege bodily injury or property damage during the respective policy periods" and because "the allegations set forth in the [underlying] Lawsuit do not allege an occurrence or accident." We agree with defendant that those affirmative defenses "are fact-driven in nature, potentially implicate the quantum of any indemnification . . . , and cannot be determined on the face of the underlying complaint." Rather, resolution of the applicability of those affirmative defenses "should . . . be determined in the underlying lawsuit[ ], not in [this] declaratory judgment action" (*Evans v Royal Ins. Co.*, 192 AD2d 1105, 1106 [1993]; *see Allcity Ins. Co. v Fisch*, 32 AD3d 407, 408 [2006]). Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Scudder, JJ.