Ford v Annucci (2020 NY Slip Op 07751)





Ford v Annucci


2020 NY Slip Op 07751


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


671 CA 19-01851

[*1]MICHAEL FORD, PLAINTIFF-APPELLANT,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, DEFENDANT-RESPONDENT. 






PRISONERS' LEGAL SERVICES OF NEW YORK, BUFFALO (ANDREW STECKER OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SARAH L. ROSENBLUTH OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered June 6, 2019. The order denied the motion of plaintiff for partial summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by reinstating the third cause of action and granting judgment in favor of defendant as follows:
It is ADJUDGED and DECLARED that 7 NYCRR 254.6 (f) and 7 NYCRR 251-2.2 (d) are not inconsistent with Correction Law § 401 (3),
and as modified the order is affirmed without costs.
Memorandum: Plaintiff, a state prisoner, commenced this action and sought, in the third cause of action, a declaration that 7 NYCRR 251-2.2 (d) and 7 NYCRR 254.6 (f) conflict with Correction Law § 401 (3). Supreme Court denied plaintiff's motion for partial summary judgment on the third cause of action and dismissed, inter alia, that cause of action. Plaintiff now appeals.
Contrary to plaintiff's contention, 7 NYCRR 254.6 (f) does not conflict with Correction Law § 401 (3). The challenged language in subdivision (f) authorizes a hearing officer to dismiss an inmate misbehavior charge if, "in light of the inmate's mental condition or intellectual capacity, the hearing officer believes that a penalty with regard to one or more of the charges would serve no useful purpose." That language, which applies to all inmate disciplinary charges, offers a different form of protection to inmates than does section 401 (3), which in relevant part creates a "presumption against imposition and pursuit of disciplinary charges for self-harming behavior and threats of self-harming behavior, including related charges for the same behaviors, such as destruction of state property, except in exceptional circumstances." The statute and the regulation are complementary, operate in different spheres, and exist in complete harmony within the overall inmate disciplinary scheme. Contrary to plaintiff's assertion, no inconsistency arises from the regulation's failure to explicitly incorporate or reference section 401 (3) (see generally Ostrer v Schenck, 41 NY2d 782, 785-786 [1977]; Matter of Adirondack Health-Uihlein Living Ctr. v Shah, 125 AD3d 1366, 1367-1368 [4th Dept 2015], appeal dismissed 26 NY3d 1132 [2016]).
We reject plaintiff's further contention that 7 NYCRR 251-2.2 (d), which provides an additional layer of review to protect inmates charged with self-harm from improper discipline, conflicts with Correction Law § 401 (3). Instead of dismissing the third cause of action, however, the court should have declared that the challenged regulations do not conflict with [*2]section 401 (3) (see Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]). We therefore modify the order accordingly. Finally, plaintiff's contention that a particular circular letter and directive were improperly adopted is raised for the first time in his reply brief on appeal, and that argument thus is not properly before us (see Scheer v Elam Sand & Gravel Corp., 177 AD3d 1290, 1292 [4th Dept 2019]).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court