Main St. Am. Assur. Co. v Merchants Mut. Ins. Co. (2022 NY Slip Op 05627)

Main St. Am. Assur. Co. v Merchants Mut. Ins. Co.

2022 NY Slip Op 05627

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND NEMOYER, JJ.

598 CA 21-01451

[*1]MAIN STREET AMERICA ASSURANCE COMPANY, PHILLIP J. GEIGER D/B/A XL CONSTRUCTION SERVICES, LLC, PLAINTIFFS-RESPONDENTS,
v
MERCHANTS MUTUAL INSURANCE COMPANY, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 

HURWITZ & FINE, P.C., BUFFALO (STEVEN E. PEIPER OF COUNSEL), FOR DEFENDANT-APPELLANT.
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN G. FELTER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered April 22, 2021 in a declaratory judgment action. The judgment, insofar as appealed from, granted the motion of plaintiffs for partial summary judgment. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by granting judgment in favor of plaintiffs as follows:
It is ADJUDGED and DECLARED that defendant Merchants Mutual Insurance Company is obligated to provide a defense to plaintiff Phillip J. Geiger d/b/a XL Construction Services, LLC, in the underlying action,
and as modified the judgment is affirmed without costs.
Memorandum: Plaintiff Main Street America Assurance Company and its insured, plaintiff Phillip J. Geiger d/b/a XL Construction Services, LLC (XL Construction), commenced this action seeking, inter alia, a declaration that defendant Merchants Mutual Insurance Company (defendant) is obligated to provide a defense and indemnification for XL Construction, as an additional insured, in an underlying personal injury action. Defendant appeals from a judgment that granted plaintiffs' motion for partial summary judgment seeking a declaration that defendant has a duty to defend XL Construction in the underlying action.
Defendant Timothy J. O'Connor (O'Connor) commenced the underlying action against, inter alia, XL Construction pursuant to Labor Law
§§ 200, 240 (1), and 241 (6), seeking damages for injuries he sustained during the course of his work as a self-employed drywall finishing subcontractor on a construction project. XL Construction had subcontracted that drywall work to O'Connor and, as part of a written indemnification and insurance agreement between those two parties, O'Connor was obligated to obtain insurance for the benefit of XL Construction. O'Connor was insured by defendant under a policy containing an additional insureds endorsement that, as relevant here, provided coverage to a party where required by a written agreement, but "only with respect to liability for 'bodily injury' . . . caused, in whole or in part, by . . . [O'Connor's] acts or omissions."
Contrary to defendant's contention, Supreme Court properly granted the motion. "[T]he duty to defend is exceedingly broad and an insurer will be called upon to provide a defense whenever the allegations of the complaint suggest . . . a reasonable possibility of coverage" (Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006] [internal quotation marks [*2]omitted]). Defendant is correct that the endorsement language utilized here only "applies to injury proximately caused by the named insured" (Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 317 [2017]). Nonetheless, there may be more than one proximate cause of an injury (see Leon-Rodriguez v Roman Catholic Church of Sts. Cyril & Methodius, 192 AD3d 883, 885 [2d Dept 2021]; see generally Farnham v MIC Wholesale Ltd., 176 AD3d 1605, 1607 [4th Dept 2019]) and here the complaint in the underlying action, submitted in support of the motion, suggests a reasonable possibility that O'Connor's own negligence was a proximate cause of his injuries (see Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA, 15 NY3d 34, 37 [2010]; Automobile Ins. Co. of Hartford, 7 NY3d at 137). We conclude that "[t]he fact that the . . . complaint in the underlying action alleged [Labor Law violations] on the part of [XL Construction], and not [negligence by O'Connor himself], is of no consequence inasmuch as the allegations in the . . . complaint '[brought] the claim potentially within the protection purchased' and triggered [defendant's] duty to defend [XL Construction] as an additional insured" (ZRAJ Olean, LLC v Erie Ins. Co. of N.Y., 134 AD3d 1557, 1561 [4th Dept 2015], lv denied 29 NY3d 915 [2017]; see Regal Constr. Corp., 15 NY3d at 37).
Defendant further contends that its duty to defend was not triggered because "it may be concluded, as a matter of law, that there is no possible factual or legal basis upon which [it] might eventually be held to be obligated to indemnify [XL Construction] under any provision of the insurance policy" (Bruckner Realty, LLC v County Oil Co., Inc., 40 AD3d 898, 900 [2d Dept 2007]; see Dumblewski v ITT Hartford Ins. Group, 213 AD2d 823, 824 [3d Dept 1995]). Defendant raised that contention for the first time on appeal in its reply brief, and thus that argument is not properly before us (see Ford v Annucci, 189 AD3d 2070, 2071 [4th Dept 2020]). In any event, it is without merit. Here, XL Construction "might eventually be held" (Bruckner, 40 AD3d at 900) partially or wholly liable for O'Connor's bodily injuries if they were proximately caused in part by O'Connor's acts or omissions (see generally St. Louis v Town of N. Elba, 16 NY3d 411, 414 [2011]; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289-290 [2003]; Siragusa v State of New York, 117 AD2d 986, 986-987 [4th Dept 1986], lv denied 68 NY2d 602 [1986]).
Although the court properly granted the motion, it failed to declare the rights of the parties in connection with the duty to defend (see Marine Buffalo Assoc. v Town of Amherst Indus. Dev. Agency, 5 AD3d 1014, 1015 [4th Dept 2004]). We therefore modify the judgment accordingly. In light of our determination, the parties' remaining contentions are academic.
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court