Mscichowski v MLMIC Ins. Co. (2024 NY Slip Op 02391)

Mscichowski v MLMIC Ins. Co.

2024 NY Slip Op 02391

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

7 CA 23-00416

[*1]BOGDAN MSCICHOWSKI, M.D., PLAINTIFF-APPELLANT,
v
MLMIC INSURANCE COMPANY, FORMERLY KNOWN AS MEDICAL LIABILITY MUTUAL INSURANCE COMPANY, DEFENDANT-RESPONDENT. 

ROTHENBERG LAW, ROCHESTER (DAVID ROTHENBERG OF COUNSEL), AND CERULLI, MASSARE & LEMBKE, FOR PLAINTIFF-APPELLANT.
RIVKIN RADLER LLP, UNIONDALE (JOANNE M. ENGELDRUM OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Gail Donofrio, J.), entered February 1, 2023, in a declaratory judgment action. The order and judgment denied the motion of plaintiff for partial summary judgment, granted the cross-motion of defendant for summary judgment and declared that defendant has no duty to defend or indemnify plaintiff in the underlying action. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the cross-motion is denied, the declaration is vacated, the motion is granted in part, judgment is granted in favor of plaintiff as follows:
It is ADJUDGED and DECLARED that defendant is obligated to defend plaintiff in the underlying action,
and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiff, a licensed pediatrician, commenced this action seeking, among other things, a declaration that defendant has a duty to defend and indemnify him in the underlying action commenced against him by a former patient who alleges that plaintiff sexually abused her as a child. Plaintiff moved for partial summary judgment declaring that defendant is obligated to defend him in the underlying action, and defendant cross-moved for summary judgment declaring that it has no duty to defend or to indemnify plaintiff in the underlying action. Supreme Court denied plaintiff's motion and granted defendant's cross-motion on the grounds that the complaint in the underlying action did not assert claims arising from a "medical incident" or "professional services," as those terms are defined in the subject insurance policy, and in any event that the policy's exclusion for sexual assault precluded coverage. The court therefore granted judgment to defendant declaring that it has no duty to defend or indemnify plaintiff in the underlying action. On appeal, plaintiff contends that the court erred in denying his motion and in granting the cross-motion. We agree.
"It is well settled that an insurance company's duty to defend is broader than its duty to indemnify" (Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006]). "Indeed, the duty to defend is exceedingly broad[,] and an insurer will be called upon to provide a defense whenever the allegations of the complaint suggest . . . a reasonable possibility of coverage" (id. [internal quotation marks omitted]). In fact, "the duty to defend exists even though facts outside the four corners of [the] pleadings indicate that the claim may be meritless or not covered" (Batt v State of New York, 112 AD3d 1285, 1286-1287 [4th Dept 2013] [internal quotation marks omitted]; see Automobile Ins. Co. of Hartford, 7 NY3d at 137; Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 63 [1991]). "If [the] complaint contains any facts or allegations which [*2]bring the claim even potentially within the protection purchased, the insurer is obligated to defend" (BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714 [2007] [internal quotation marks omitted]; see Main St. Am. Assur. Co. v Merchants Mut. Ins. Co., 209 AD3d 1266, 1267 [4th Dept 2022]; Pixley Dev. Corp. v Erie Ins. Co., 174 AD3d 1415, 1416 [4th Dept 2019]).
Here, although the complaint in the underlying action primarily alleges that plaintiff sexually abused his former patient during a medical examination, it also contains "facts or allegations" that bring the claim "potentially within the protection purchased" for claims arising from professional services rendered by plaintiff, thus triggering the duty to defend (Technicon Elecs. Corp. v American Home Assur. Co., 74 NY2d 66, 73 [1989]; see Chung v Physicians Reciprocal Insurers, 221 AD2d 907, 907 [4th Dept 1995]). For instance, the underlying complaint alleges that plaintiff improperly diagnosed, cared for and treated the former patient in question, and failed to provide her with "proper and appropriate pediatric care." The underlying complaint further alleges that plaintiff inserted his finger into the former patient's vagina "without gloves," suggesting that perhaps such action would have been medically proper had plaintiff been wearing gloves. Without any context or details regarding the nature of the medical treatment being provided by plaintiff at the time of the alleged improper touching of the former patient, we cannot categorically conclude that the underlying complaint is devoid of facts or allegations that potentially bring the former patient's claims within the protection purchased by plaintiff in the subject liability policy.
In light of the above, we conclude that defendant failed to meet its initial burden on its cross-motion of establishing that it is entitled to a declaration that it is not obligated to defend or indemnify plaintiff (see generally Hillcrest Coatings, Inc. v Colony Ins. Co., 151 AD3d 1643, 1645-1646 [4th Dept 2017]). In particular, defendant failed to meet its "heavy burden" of establishing that all of the claims asserted in the underlying complaint are subject to the policy's exclusion for sexual assault and battery (Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 654-655 [1993]; see Hillcrest Coatings, Inc., 151 AD3d at 1645-1646; Georgetown Capital Group, Inc. v Everest Natl. Ins. Co., 104 AD3d 1150, 1152 [4th Dept 2013]). We further conclude based on the foregoing that plaintiff met his initial burden on his motion with respect to defendant's obligation to defend, that defendant failed to raise a triable issue of fact in that regard, and that plaintiff is therefore entitled to summary judgment declaring that defendant is obligated to defend him in the underlying action (see generally Georgetown Capital Group, Inc., 104 AD3d at 1152-1153).
Finally, we remit the matter to Supreme Court for a determination on the merits of those parts of plaintiff's motion seeking declarations that plaintiff may retain counsel of his choice in the underlying action and that defendant is responsible for paying attorneys' fees and costs with respect to that action.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court