■ BEAUTY BY ENCORE OF HICKSVILLE, INC., et al., Respondents, v COMMERCIAL UNION INSURANCE COMPANY et al., Appellants. — In an action for a declaratory judgment, defendants appeal from a judgment of the Supreme Court, Nassau County (McGinity, J.), entered June 22, 1982, which declared that the general liability insurance policy issued by defendant Commercial Union Insurance Company to plaintiff Beauty by Encore of Hicksville, Inc., rather than the beautician's malpractice policy, covered the "underlying loss" sustained in the case of *Heller v Beauty by Encore of Hicksville*. Judgment affirmed, with $50 costs and disbursements. Beauty by Encore of Hicksville, Inc.'s (hereinafter plaintiff) patron was injured when she lit a cigarette and thereby ignited her hair, to which cotton and a mixture of Clairol and peroxide

---

had been applied. Under its general liability policy, Commercial Union Insurance Company (hereinafter defendant) was required to indemnify plaintiff for any amount plaintiff became legally obligated to pay for bodily injury, "caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business". The professional liability exclusion indorsement contained in the general liability policy provided that there would be no coverage for any bodily injury "due to the rendering of or failure to render any * * * tonsorial * * * services or treatments". However, defendant also issued plaintiff a beautician's malpractice policy. There is no ambiguity in the wording of the exclusion. Although the injuries to plaintiff's patron occurred during a beauty shop appointment, they were not caused by the rendering or failure to render tonsorial services. The lighting of a cigarette by plaintiff's patron cannot be construed as part of the tonsorial art. Further, the trial court in that underlying action charged the jury as to the duty plaintiff owed the patron as a proprietor; no professional beautician standard of care was considered. The injury and resulting liability arose out of plaintiff's "ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business". Plaintiff was negligent because the proprietor failed to warn the patron of the danger of smoking while her hair was being treated with a flammable substance and not because of the rendering of or the failure to render tonsorial services. The exclusion is therefore inapplicable and the general liability policy provides full coverage. Damiani, J. P., Gibbons, Thompson and Boyers, JJ., concur.