■ RELIANCE INSURANCE COMPANY, Appellant-Respondent, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., et al., Respondents-Appellants. RELIANCE INSURANCE COMPANY, Respondent-Respondent, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent-Appellant, and SEELYE, STEVENSON, VALUE & KNECHT, INC., Appellant-Respondent. [691 NYS2d 458] —Order, Supreme Court, New York County (Charles Ramos, J.), entered January 13, 1999, which, in an action by plaintiff Reliance seeking, *inter alia*, a declaration that defendant Seelye was insured in an underlying tort action by a professional liability policy issued by defendant National Union, rather than by a commercial general liability policy issued by Reliance, insofar as appealable, denied

defendants' motion to renew a prior order, same court and Justice, entered February 6, 1998, upon the parties' respective motions for summary judgment, (1) declaring in favor of Seelye and National Union that National Union's policy did not cover Seelye's loss, (2) dismissing Reliance's claim for reimbursement of the $2.7 million plus costs it expended under a reservation of rights in settlement of the underlying action, (3) dismissing Seelye's and National Union's respective counterclaims for reimbursement of the $2.7 million National Union expended in settlement of the underlying action, (4) denying Seelye's application for attorneys' fees in the instant action, and (5) denying National Union's application for attorneys' fees in the underlying action and the instant action, unanimously modified, on the law and the facts, to grant renewal, and, upon renewal, to (1) award Seelye its reasonable costs in defending this declaratory judgment action, and (2) order Reliance to reimburse National Union the $2.7 million it paid under a reservation of rights to settle the underlying action, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered February 6, 1998, unanimously dismissed, without costs, as superseded by the appeal from the order of January 13, 1999.

Reliance should be held obligated to indemnify Seelye on the ground that the professional liability exclusion in its policy did not exclude the underlying claim for personal injuries. "[L]ook-[ing] to the nature of the conduct under scrutiny rather than to the title or the position of those involved" (*Camp Dresser & McKee v Home Ins. Co.*, 30 Mass App Ct 318, 323, 568 NE2d 631, 634), as well as to the underlying complaint, the contract under which Seelye was to perform inspection services, the trial record, including the jury charge and verdict indicating a finding of only ordinary negligence against Seelye (*see, Lavanant v General Acc. Ins. Co.*, 164 AD2d 73, 77, *affd* 79 NY2d 623; *Beauty by Encore v Commercial Union Ins. Co.*, 92 AD2d 855), and the evidence adduced in this action, it is clear that Seelye's alleged failure in the underlying action to make sure that the contractor at a renovation site remained in compliance with both its contract and the relevant safety laws did not require Seelye's engineering acumen, but rather normal powers of supervision and observation. To hold otherwise where, as here, Seelye was not required to create or review the plans, but merely to enforce them, "would have the exclusion swallow the policy" (*Camp Dresser & McKee v Home Ins Co., supra*, 30 Mass App Ct, at 323, 568 NE2d, at 634; *compare, Atlantic Mut. Ins. Co. v Continental Natl. Am. Ins. Co.*, 123 NJ Super 241, 243, 302 A2d 177, 178 [finding similar general liability policy

excluded coverage where supervising engineers were to " 'assist in a correct interpretation of the plans' "], *with Aetna Fire Underwriters Ins. Co. v Southwestern Eng'g Co.*, 626 SW2d 99 [Tex Ct App] [failure to locate underground pipelines, causing injury, did not implicate engineering services]).

Since we find that Reliance's policy provides the applicable coverage, we need not reach the issue, deemed dispositive by the IAS Court, of whether Reliance is estopped from denying coverage. We note, however, that were we to reach this issue, we would find no such estoppel.

We further find that Seelye is entitled to its reasonable costs in defending this declaratory judgment action since Reliance cast it in a defensive posture (*see, Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21). In this regard, neither the fact that Reliance seeks recovery from the National Union policy, nor the fact that the National Union policy is actually a "front" for Seelye's self-insurance of professional risks, alters the fact that Reliance sought to be relieved of obligations it rightfully owed Seelye as its insured, thus casting Seelye, in its capacity as Reliance's insured, in a defensive posture.

Finally, Reliance should pay to National Union the $2.7 million that National Union paid in settlement of the underlying action. Payment to National Union, as opposed to either Seelye or its parent, is appropriate in order to replenish the policy limits of the National Union policy for the benefit of other potential claimants. Any overage, beyond the policy limits, should be refunded to STV, Seelye's parent company. Concur— Williams, J. P., Wallach, Andrias and Friedman, JJ.