■ WESTCHESTER FIRE INSURANCE Co. et al., Respondents-Appellants, v METROPOLITAN LIFE INSURANCE Co., Appellant-Respondent, UNITED STATES FIDELITY & GUARANTY Co., Respondent-Appellant, and TRAVELERS INSURANCE Co. et al., Respondents, et al., Defendants. [721 NYS2d 14] —Orders, Supreme Court, New York County (Charles Ramos, J.), entered January 25, 2000, February 10, 2000 and August 2, 2000, which, *inter alia*, declared that the various primary, umbrella and excess insurers are not obligated to defend or indemnify Metropolitan Life Insurance Co. (MetLife) in 18 underlying actions involving deceptive sales practices claims, and that Westchester Fire Insurance Co. and The North River Insurance Co. (collectively, Westchester) must defend MetLife in a nineteenth underlying action, titled *Dong Li v Metropolitan Life Ins. Co.*, that includes defamation claims as well as deceptive sales practices claims, unanimously affirmed, with one bill of costs payable by Metropolitan Life Insurance Co. to plaintiffs.

The claims in the 18 underlying actions that MetLife trained its employees to defraud customers into buying certain life insurance policies do not qualify as an "occurrence" within the meaning of the various policies issued to MetLife, and are therefore not covered, notwithstanding that the underlying actions include a theory of negligent hiring and supervision (*see, Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 351-352; *U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821, 823; *Fuller Co. v United States Fid. & Guar. Co.*, 200 AD2d 255, 259-260, *lv denied* 84 NY2d 806). In addition, the policies' exclusionary clauses for professional services and insurance-related services bar coverage of the deceptive sales practices claims, and therefore, under the above authorities, the negligent supervision claims arising therefrom. However, the circumstances surrounding the sending of the allegedly defamatory letter in the nineteenth underlying action, *Dong Li*, cannot be determined from the record, and thus Westchester has not established that the defamation claim therein falls within one of its professional services exclusions. Concur—Tom, J. P., Andrias, Ellerin and Rubin, JJ. [As amended by unpublished order entered July 26, 2001.]