■ BREEZE NATIONAL, INC., Appellant, v CATI, INC., Defendant, and AXA GLOBAL RISKS U.S. INSURANCE COMPANY, Respondent. [738 NYS2d 851] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about November 28, 2001, which, inter alia, denied plaintiff's motion for summary judgment, unanimously affirmed, with costs.

Plaintiff failed to establish its entitlement to judgment as a matter of law for the balance allegedly owed it under the subcontract (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). There are, moreover, factual issues raised not only as to the adequacy of plaintiff's performance of the

contract work but, in addition, as to whether plaintiff, in seeking compensation for contract "extras," complied with the relevant contract provisions respecting change orders.

Inasmuch as plaintiff in its summary judgment motion requests an award of punitive damages against defendant-respondent, it is appropriate to note that no claim for punitive damages is stated in the complaint and, indeed, it is clear that plaintiff has no claim for punitive damages. Plaintiff's claim against defendant-respondent is, at most, one for breach of contract. No tortious conduct is alleged against defendant-respondent, nor is there any allegation of tortious conduct sufficiently egregious and far-reaching in its public consequences as to constitute a predicate for a punitive damage claim (*see, Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 613). Clearly this claim is frivolous. Concur—Andrias, J.P., Buckley, Sullivan, Ellerin and Lerner, JJ.