Matthew Schmiemann et al., Respondents, v State Farm Fire and Casualty Company et al., Appellants, et al., Defendants. [786 NYS2d 572]—

In an action for a judgment declaring that the defendants State Farm Fire and Casualty Company and State Farm Insurance Companies are obligated to defend and indemnify the plaintiffs in an underlying action entitled *Cubero v Schmiemann,* pending in the Supreme Court, Queens County, under Index No. 25728/99, the defendants State Farm and Casualty Company and State Farm Insurance Companies appeal from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated March 4, 2003, which denied their motion for summary judgment and granted the plaintiffs' cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the cross motion is denied, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendants State Farm Fire and Casualty Company and State Farm Insurance Companies are not obligated to defend and indemnify the plaintiffs in the underlying personal injury action entitled *Cubero v Schmiemann,* pending in the Supreme Court, Queens County, under Index No. 25728/99.

In 1989 the plaintiffs became the owners of a residential rental property and purchased a rental-dwelling insurance policy issued by the defendants State Farm Fire and Casualty Company and State Farm Insurance Companies (hereinafter collectively State Farm). The policy provided coverage for personal injuries occurring on the premises. In March 1998 the defendant Victoria Cubero and her son moved into the plaintiffs' building, and in November 1999 commenced an action against the plaintiffs, inter alia, alleging that her infant son was injured when he ingested lead. The plaintiffs forwarded the complaint to their State Farm agent, and on December 21, 1999, State

Farm denied coverage, stating that the alleged lead exposure fell "under the Lead Poisoning Exclusion Endorsement for the policy period of January 31, 1998 through January 31, 1999."

The plaintiffs then commenced the instant action for a judgment declaring that State Farm is obligated to defend and identify them in the underlying action, arguing that State Farm was bound by the greater coverage provided under the policy as originally issued because it never informed them that it was reducing their coverage. State Farm moved for summary judgment, arguing that the plaintiffs were sent a "Lead Poisoning Exclusion Endorsement" along with their January 31, 1998, renewal. The plaintiffs cross-moved for summary judgment. The Supreme Court denied State Farm's motion and granted the plaintiffs' cross motion. We reverse.

State Farm demonstrated an office practice and procedure geared to insure the likelihood that lead-poisoning exclusion endorsements are always attached to a policy renewal whenever the renewal states that such an endorsement is enclosed. As the plaintiffs admit to receiving their renewal effective January 31, 1998, and as the renewal certificate states that it contains a "Lead Poisoning Exclusion" endorsement, State Farm was entitled to a rebuttable presumption that the plaintiffs received this endorsement (*see Nassau Ins. Co. v Murray,* 46 NY2d 828, 829-830 [1978]; *Ingarra v General Acc./PG Ins. Co. of N.Y.,* 273 AD2d 766 [2000]; *cf. Bailey v Nationwide Mut. Fire Ins. Co.,* 133 AD2d 915 [1987]). The plaintiffs, in response, failed to rebut the presumption that this office practice was not followed or that State Farm was so careless that it would be unreasonable to assume that they, in fact, received the endorsement. Accordingly, State Farm properly disclaimed coverage based on the endorsement.

The plaintiffs' remaining contentions are without merit.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that State Farm is not obligated to defend and indemnify the plaintiffs in the underlying personal injury action entitled *Cubero v Schmiemann,* pending in the Supreme Court, Queens County, under Index No. 25728/99 (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., Schmidt, Adams and Cozier, JJ., concur.