Accadia Site Contr., Inc. v Town of Orchard Park (2020 NY Slip Op 06657)





Accadia Site Contr., Inc. v Town of Orchard Park


2020 NY Slip Op 06657


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


987 CA 19-01670

[*1]ACCADIA SITE CONTRACTING, INC., PLAINTIFF-APPELLANT,
v
TOWN OF ORCHARD PARK, DEFENDANT-RESPONDENT. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (ELIZABETH A. HOLMES OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (JAMES P. BLENK OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered July 30, 2019. The order, among other things, denied plaintiff's motion for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action arising out of a dispute over the performance of a road reconstruction contract, plaintiff appeals from that part of an order that denied its motion for partial summary judgment on its third cause of action, alleging breach of contract for nonpayment on work performed. We conclude that Supreme Court properly denied the motion inasmuch as plaintiff failed to "make a prima facie showing of entitlement to judgment as a matter of law [by] tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr. , 64 NY2d 851, 853 [1985]; see Breeze Natl. v CATI, Inc. , 292 AD2d 272, 272-273 [1st Dept 2002]). Plaintiff's "[f]ailure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (Winegrad , 64 NY2d at 853).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court