Walker v Erie Ins. Co. (2022 NY Slip Op 06332)

Walker v Erie Ins. Co.

2022 NY Slip Op 06332

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND NEMOYER, JJ.

601 CA 21-00865

[*1]JUANITA WALKER, PLAINTIFF-RESPONDENT-APPELLANT,
v
ERIE INSURANCE COMPANY AND ERIE INSURANCE COMPANY OF NEW YORK, DEFENDANTS-APPELLANTS-RESPONDENTS. 

HURWITZ & FINE, P.C., BUFFALO (DAN D. KOHANE OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS. 
WEBSTER SZANYI LLP, BUFFALO (KEVIN A. SZANYI OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 

 Appeal and cross appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered June 14, 2021. The order, upon reargument, denied plaintiff's motion for summary judgment and denied defendant Erie Insurance Company's cross motion for summary judgment. 
It is hereby ORDERED that said appeal insofar as taken by defendant Erie Insurance Company of New York is unanimously dismissed and the order is modified on the law by granting the cross motion of defendant Erie Insurance Company insofar as it seeks summary judgment dismissing the complaint to the extent that it alleges that the professional liability exclusion, if properly noticed to the insured, does not apply to preclude coverage for the underlying claims, and as modified the order is affirmed without costs.
Memorandum: Plaintiff contracted the bacterial infection Methicillin-Resistant Staphylococcus Aureus (MRSA) during a pedicure performed at a nail salon (hereinafter, insured) that was insured pursuant to a policy with commercial general liability coverage issued by Erie Insurance Company (defendant). Plaintiff commenced a personal injury action alleging that the insured's negligence caused her injuries. The insured requested coverage under the policy, but defendant disclaimed on the basis that the policy contained an endorsement consisting of a professional liability exclusion that precluded coverage for the underlying action. A judgment was ultimately entered against the insured in the underlying action and plaintiff subsequently commenced the present action alleging that, pursuant to Insurance Law § 3420, she was entitled to recover the damages under the judgment pursuant to the terms of the policy issued by defendant to the insured. Defendants appeal and plaintiff cross-appeals from an order that, upon granting plaintiff's motion for leave to reargue, denied plaintiff's motion for summary judgment on the complaint and denied defendant's cross motion for summary judgment dismissing the complaint.
Preliminarily, we note that defendant Erie Insurance Company of New York is not an aggrieved party, and we thus dismiss the appeal insofar as taken by that defendant (see CPLR 5511; Kirbis v LPCiminelli, Inc., 90 AD3d 1581, 1582 [4th Dept 2011]).
Defendant contends on its appeal that Supreme Court erred in denying its cross motion because construction of the professional liability exclusion is a question of law for the court to decide, the exclusion is unambiguous, and the exclusion precludes coverage for plaintiff's injuries inasmuch as the evidence establishes that plaintiff contracted MRSA due to the rendering of a cosmetic service or treatment, namely, the professional pedicure performed by the insured. Plaintiff contends on her cross appeal that the court erred in denying her motion for summary judgment because the subject exclusion is inapplicable given that she was injured due to preparatory acts taken by the insured prior to and unconnected with any specific cosmetic [*2]treatment, and any ambiguity must be construed in favor of coverage. Plaintiff also contends in response to defendant's appeal that the court properly denied defendant's cross motion because defendant failed to meet its initial burden of establishing that the insured had notice of the exclusion. We conclude that the court should have granted defendant's cross motion for summary judgment dismissing the complaint to the extent that the complaint alleges that the professional liability exclusion, if properly noticed to the insured, does not apply to preclude coverage for the underlying claims. We therefore modify the order accordingly.
"In determining a dispute over insurance coverage, [courts] first look to the language of the policy" and, "[a]s with the construction of contracts generally, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court" (Lend Lease [US] Constr. LMB Inc. v Zurich Am. Ins. Co., 28 NY3d 675, 681-682 [2017] [internal quotation marks omitted]). "Insurance contracts must be interpreted according to common speech and consistent with the reasonable expectations of the average insured" (Cragg v Allstate Indem. Corp., 17 NY3d 118, 122 [2011]). "[W]henever an insurer wishes to exclude certain coverage from its policy obligations, it must do so 'in clear and unmistakable' language" (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984]). "Any such exclusions or exceptions from policy coverage must be specific and clear in order to be enforced. They are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction" (id.). "To the extent that there is any ambiguity in an exclusionary clause, [courts] construe the provision in favor of the insured" (Cragg, 17 NY3d at 122; see Breed v Insurance Co. of N. Am., 46 NY2d 351, 353 [1978], rearg denied 46 NY2d 940 [1979]). Thus, "[i]n order to establish that an exclusion defeats coverage, the insurer has the 'heavy burden' of establishing that the exclusion is expressed in clear and unmistakable language, is subject to no other reasonable interpretation, and is applicable to the facts" (Georgetown Capital Group, Inc. v Everest Natl. Ins. Co., 104 AD3d 1150, 1152 [4th Dept 2013], quoting Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 654-655 [1993]; see Seaboard Sur. Co., 64 NY2d at 311; Hillcrest Coatings, Inc. v Colony Ins. Co., 151 AD3d 1643, 1645 [4th Dept 2017]).
Here, the professional liability exclusion states—in clear and unmistakable language—that the insured's policy "does not apply to 'bodily injury' . . . due to . . . [t]he rendering of or failure to render cosmetic . . . services or treatments." We agree with defendant that, contrary to plaintiff's contention, "[t]here is no ambiguity in the wording of the exclusion" inasmuch as it is susceptible of only one reasonable interpretation: there is no coverage for bodily injury due to (i.e., "caused by") the rendering (i.e., the performance) of a cosmetic service or treatment (e.g., a pedicure) (Beauty by Encore of Hicksville v Commercial Union Ins. Co., 92 AD2d 855, 856 [2d Dept 1983]). Thus, employing " 'the test to determine whether an insurance contract is ambiguous [by] focus[ing] on the reasonable expectations of the average insured upon reading the policy and employing common speech' " (Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680 [2015]), we conclude that the exclusion is unambiguous because the average insured would understand the policy to exclude coverage for injuries caused by the performance of acts that constitute part of the pedicure service (see Beauty by Encore of Hicksville, 92 AD2d at 856).
Plaintiff nonetheless insists on a different reading, i.e., that the policy excludes only "injuries due to the manner in which the cosmetic service is performed" such that "the manner in which the pedicure was performed must be the cause of the injury," which would not include preparatory tasks undertaken before a customer arrives for cosmetic treatment. We reject plaintiff's proposed reading. "Courts may not, through their interpretation of a contract, add or excise terms or distort the meaning of any particular words or phrases, thereby creating a new contract under the guise of interpreting the parties' own agreement[]" (Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 581 [2017]; see Slattery Skanska Inc. v American Home Assur. Co., 67 AD3d 1, 14 [1st Dept 2009]). That, however, is precisely what plaintiff asks us to do by adopting her reading of the exclusion. Nowhere does the exclusion limit its reach to "the manner" of performance, which, under plaintiff's view, means only those precise physical acts undertaken contemporaneous with the cosmetic service upon the customer's person, but does not include any tasks taken in preparation for the service. Rather, as our analysis of the exclusion language makes clear, the policy excludes coverage for injuries caused by the performance of acts that constitute part of the pedicure service (see Beauty by Encore of Hicksville, 92 AD2d at 856; Brockbank v Travelers [*3]Ins. Co., 12 AD2d 691, 691 [3d Dept 1960], lv denied 9 NY2d 609 [1961]).
Plaintiff's further assertion that any other interpretation but her own would swallow the coverage otherwise provided by the policy is incorrect. Contrary to plaintiff's suggestion, if a ceiling tile fell on and injured a patron during a cosmetic service, the matter would be a premises case, not a professional liability case, and the exclusion would not apply because the injury was not caused by acts that constituted part of the professional cosmetic service, but rather by an act or omission (lack of premises maintenance) or a condition (loose ceiling tile) independent of, and thus not part of, the cosmetic service (see Beauty by Encore of Hicksville, 92 AD2d at 855-856). We thus conclude that "[t]he enforcement of the exclusion does not create a result that would have the exclusion swallow the policy" (Lend Lease [US] Constr. LMB Inc., 28 NY3d at 685 [internal quotation marks omitted]).
Ultimately, we agree with defendant that plaintiff's assertion that the "due to" causal trigger in the exclusion may be reasonably interpreted to draw a distinction between acts that occur during the cosmetic service and those that occur in preparation thereof constitutes an impermissible attempt to manufacture an ambiguity. "[P]arties cannot create ambiguity from whole cloth where none exists, because provisions 'are not ambiguous merely because the parties interpret them differently' " (Universal Am. Corp., 25 NY3d at 680). Where, as here, "the meaning of [a] . . . contract is plain and clear . . . [it is] entitled to [be] enforced according to its terms . . . [and] not to be subverted by straining to find an ambiguity which otherwise might not be thought to exist" (Uribe v Merchants Bank of New York, 91 NY2d 336, 341 [1998] [internal quotation marks omitted]). "There is no ambiguity in the wording of the exclusion" here, the only reasonable interpretation of which is the reading set forth above (Beauty by Encore of Hicksville, 92 AD2d at 856; see Brockbank, 12 AD2d at 691). Based on the foregoing, we conclude that defendant met its burden on its cross motion of "establishing that the exclusion is expressed in clear and unmistakable language[ and] is subject to no other reasonable interpretation" (Georgetown Capital Group, Inc., 104 AD3d at 1152).
Defendant is also required to establish that the exclusion "is applicable to the facts" (id.). Defendant met that part of its burden as well (see generally Valley Forge Ins. Co. v ACE Am. Ins. Co., 160 AD3d 905, 907 [2d Dept 2018]). With respect to the applicable law, in determining whether a professional liability exclusion applies, courts " '[look] to the nature of the conduct under scrutiny rather than to the title or the position of those involved' . . . , as well as to the underlying complaint" (Reliance Ins. Co. v National Union Fire Ins. Co. of Pittsburgh, Pa., 262 AD2d 64, 65 [1st Dept 1999]; accord Beazley Ins. Co., Inc. v ACE Am. Ins. Co., 880 F3d 64, 71 [2d Cir 2018]).
Here, defendant submitted in support of its cross motion the verified complaint in plaintiff's underlying personal injury action in which plaintiff alleged that she received a pedicure by a nail technician employed by the insured and, as a result of the insured's negligence, contracted MRSA. More particularly, plaintiff alleged that the insured was negligent in "fail[ing] to properly clean, disinfect and sanitize the pedicure equipment and materials used for . . . [p]laintiff's pedicure, including but not limited to the foot bath, to ensure the safety and health of . . . customers including
. . . [p]laintiff." Plaintiff further alleged that her infection was "caused by the actions, equipment and/or materials that were exclusively in the [insured's] control." Defendant also submitted the verified complaint in the present action in which plaintiff represented that, pursuant to the underlying judgment, the insured was found liable for the conduct alleged in the underlying verified complaint and set forth in a confession of judgment. Pursuant to the confession of judgment as quoted by plaintiff, the court found that the insured was negligent in failing to properly clean, disinfect, and sanitize the premises to ensure the safety and health of the customers and, consequently, the premises and the equipment and materials used for plaintiff's pedicure, including the foot bath and tools, became contaminated. Plaintiff contracted MRSA directly as a result of the insured's negligent acts and omissions.
We conclude that defendant's submissions established that the exclusion applies to the facts here because the bodily injury (MRSA infection) was due to (caused by) the rendering (the performance) of a cosmetic service and treatment (the professional pedicure) with the unsanitary pedicure equipment and materials. As is clear from the allegations of negligence for which the insured was found liable, plaintiff's injury was not caused by the insured's mere failure to [*4]sanitize the pedicure equipment—i.e., plaintiff was not infected simply by her presence among unsanitary instruments at the nail salon—but rather was caused by the insured's use of that contaminated equipment while performing the professional pedicure on plaintiff's feet and toenails. We have considered plaintiff's contentions seeking to classify the insured's culpable conduct as ordinary negligence in maintaining the premises that is distinct from the rendering of a professional pedicure and conclude that those contentions lack merit.
Plaintiff's further contention that the exclusion does not apply to the insured's liability for her negligent training and supervision claims is also without merit. Each of plaintiff's negligence theories, including negligent supervision and training, is dependent on the injury sustained as a result of the insured's failure to use sanitized equipment during the professional pedicure service, and therefore those theories "are solely and entirely within the exclusionary provisions of the [professional liability] exclusion" (Handlebar, Inc. v Utica First Ins. Co., 290 AD2d 633, 635 [3d Dept 2002], lv denied 98 NY2d 601 [2002]; see Westchester Fire Ins. Co. v Metropolitan Life Ins. Co., 280 AD2d 331, 332 [1st Dept 2001]; see generally Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347, 352 [1996]).
In view of the foregoing, we conclude that defendant met its heavy burden on its cross motion of establishing that the exclusion defeats coverage (see generally Georgetown Capital Group, Inc., 104 AD3d at 1152). The burden thus shifted to plaintiff to raise a triable issue of fact and she failed to do so. The construction of the insurance policy is a question of law for the courts to resolve and, contrary to plaintiff's various contentions, the exclusion is susceptible to only one reasonable interpretation. To the extent that plaintiff attempts to raise a triable issue of fact whether the unambiguous exclusion applies to these facts by submitting an expert affidavit questioning whether the sanitizing of pedicure equipment required professional judgment, we conclude that the expert affidavit is insufficient inasmuch as it consists of "impermissible legal conclusions" (Preston v APCH, Inc., 175 AD3d 850, 854 [4th Dept 2019], affd 34 NY3d 1136 [2020]; see Penda v Duvall, 141 AD3d 1156, 1157-1158 [4th Dept 2016]) and conclusory assertions that are at odds with the applicable industry regulations (see Blumenthal v Bronx Equestrian Ctr., Inc., 137 AD3d 432, 432 [1st Dept 2016], lv denied 28 NY3d 906 [2016]; Cordani v Thompson & Johnson Equip. Co., Inc., 16 AD3d 1002, 1006 [3d Dept 2005], lv denied 5 NY3d 704 [2005]). Thus, there are no triable issues of fact regarding the applicability of the unambiguous exclusion to the facts here. For the same reasons, we conclude that the court properly denied plaintiff's motion.
We nonetheless agree with plaintiff that the court properly denied defendant's cross motion to the extent that defendant failed to meet its initial burden of establishing that the insured had notice of the exclusion. It is foundational that, "[o]n a motion for summary judgment, the moving party must 'make a prima facie showing of entitlement to judgment as a matter of law [by] tendering sufficient evidence to demonstrate the absence of any material issues of fact' " (Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 49 [2015], rearg denied 27 NY3d 957 [2016], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Accadia Site Contr., Inc. v Town of Orchard Park, 188 AD3d 1679, 1679 [4th Dept 2020]). Plaintiff, "as subrogee of the insured's rights" who " 'stands in the shoes' of the insured" in this action pursuant to Insurance Law § 3420 (D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 665 [1990]), alleged in her verified complaint in the present action that, upon information and belief, the policy provided by defendant to the insured omitted numerous pages and forms, including the professional liability exclusion. On that ground, plaintiff alleged that the exclusion could not form the basis for defendant's denial of coverage. Thus, in order to establish its entitlement to judgment as a matter of law by eliminating any material issues of fact in this case, defendant had the burden on its cross motion for summary judgment of establishing that the insured had notice of the exclusion (see North Country Ins. Co. v Raspante, 117 AD3d 1518, 1519 [4th Dept 2014]).
Defendant failed to meet that burden (see id.). Defendant submitted a certified copy of the policy that included the professional liability exclusion and was accompanied by a certification letter, sworn by the records coordinator for defendant and notarized in Pennsylvania, stating that the policy documents were "true likenesses of the documents issued to [the insured]." Even though the lack of an authenticating certificate accompanying the
out-of-state certification letter as required by CPLR 2309 (c) constitutes a defect that may be disregarded (see CPLR 2001; Smith v Allstate Ins. Co., 38 AD3d 522, 523 [2d Dept 2007]; [*5]Sparaco v Sparaco, 309 AD2d 1029, 1031 [3d Dept 2003], lv denied 2 NY3d 702 [2004]), the admissibility and authenticity of the certified policy does not "establish that the exclusion was actually mailed" to the insured, and defendant did not otherwise attempt to show that the exclusion was sent to the insured pursuant to office practice (North Country Ins. Co., 117 AD3d at 1519; cf. Preferred Mut. Ins. Co. v Donnelly, 111 AD3d 1242, 1243 [4th Dept 2013], lv denied 22 NY3d 1169 [2014]; Schmiemann v State Farm Fire & Cas. Co., 13 AD3d 514, 515 [2d Dept 2004]). Moreover, while defendant correctly points out that the summary and declaration pages of the policy that plaintiff concedes were provided to the insured contained references to a professional liability exclusion, those references alone, without the actual terms of the exclusion in the policy documents, are insufficient to establish the presumption that the insured had notice of the terms and limits of the policy (cf. Chase's Cigar Store v Stam Agency, 281 AD2d 911, 912 [4th Dept 2001]). Defendant's failure to make a prima facie showing on the notice issue requires the denial of its cross motion to that extent, regardless of the sufficiency of the opposing papers (see Alvarez, 68 NY2d at 324).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court