John Mezzalingua Assoc., LLC v Travelers Indem. Co. (2022 NY Slip Op 07354)

John Mezzalingua Assoc., LLC v Travelers Indem. Co.

2022 NY Slip Op 07354

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND WINSLOW, JJ.

821 CA 22-00205

[*1]JOHN MEZZALINGUA ASSOCIATES, LLC, PLAINTIFF-APPELLANT,
T
v
HE TRAVELERS INDEMNITY COMPANY, THE PHOENIX INSURANCE COMPANY, CAMPANY ROOFING COMPANY, INC., DEFENDANTS-APPELLANTS, AND MARSH USA, INC., DEFENDANT-RESPONDENT. 

LYNN LAW FIRM, LLP, SYRACUSE (PATRICIA A. LYNN-FORD OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
ROBINSON & COLE LLP, HARTFORD, CONNECTICUT (GREGORY P. VARGA OF COUNSEL), AND HANCOCK ESTABROOK, LLP, SYRACUSE, FOR DEFENDANTS-APPELLANTS THE TRAVELERS INDEMNITY COMPANY AND THE PHOENIX INSURANCE COMPANY. 
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (DAVID M. KATZ OF COUNSEL), FOR DEFENDANT-APPELLANT CAMPANY ROOFING COMPANY, INC.
MACKENZIE HUGHES, LLP, SYRACUSE (RYAN T. EMERY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeals from a judgment (denominated order) of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered January 11, 2022. The judgment granted the motion of defendant Marsh USA, Inc. for summary judgment dismissing the amended complaint against it, denied the motions of defendants The Travelers Indemnity Company, The Phoenix Insurance Company and Campany Roofing Company, Inc. for summary judgment and granted the motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating any determinations with respect to the motion of defendants The Travelers Indemnity Company and The Phoenix Insurance Company concerning the faulty workmanship exclusion and as modified the judgment is affirmed without costs.
Memorandum: In 2015, plaintiff hired defendant insurance broker Marsh USA, Inc. (Marsh) to help it procure an insurance policy to cover plaintiff's facility for the following year. On Marsh's recommendation, plaintiff purchased a policy ostensibly offered by defendant insurance companies The Travelers Indemnity Company (Travelers) and The Phoenix Insurance Company (Phoenix) (collectively, insurance defendants). In October 2016, defendant Campany Roofing Company, Inc. (Campany) performed roofing work at plaintiff's facility. On multiple occasions that month, water leaked into the facility, causing damage. After the claim that plaintiff submitted to the insurance defendants was denied, plaintiff commenced this action. In the first two causes of action, plaintiff alleges that the insurance defendants breached the insurance contract and plaintiff seeks, inter alia, a judgment declaring that the insurance policy provides coverage for plaintiff's losses. In the third cause of action, plaintiff alleges that Campany was negligent in performing the roofing work and that its negligence was a proximate cause of plaintiff's damages. In the fourth cause of action, plaintiff, citing, inter alia, the denial of coverage based on the insurance policy's rain limitation provision, alleges that Marsh was negligent in procuring inadequate insurance coverage.
Marsh, the insurance defendants, and Campany separately moved for, as relevant here, summary judgment dismissing the amended complaint against them. Plaintiff opposed the motions and moved for partial summary judgment on limited issues of law with respect to the causes of action against the insurance defendants. Specifically, plaintiff sought a declaration that "the terms 'backup' and 'overflow', as set forth in [a water exclusion in the policy] are to be afforded their plain meaning and common usage" and that the policy's exception to the water exclusion applied to provide plaintiff with coverage on the two relevant dates.
Supreme Court granted Marsh's motion, denied the motions of Campany and the insurance defendants, and granted plaintiff's motion. Plaintiff, Campany, and the insurance defendants appeal.
Contrary to plaintiff's contention on its appeal, the court properly granted Marsh's motion. " 'As a general principle, insurance brokers have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so' . . . 'Absent a specific request for coverage not already in a client's policy or the existence of a special relationship with the client, an insurance agent or broker has no continuing duty to advise, guide[] or direct a client to obtain additional coverage' " (Petri Baking Prods., Inc. v Hatch Leonard Naples, Inc., 151 AD3d 1902, 1903-1904 [4th Dept 2017]; see 5 Awnings Plus, Inc. v Moses Ins. Group, Inc., 108 AD3d 1198, 1200 [4th Dept 2013]). Contrary to plaintiff's contention, Marsh met its initial burden of establishing that there was no " 'special relationship' " between it and plaintiff, i.e., no additional duties assumed by Marsh over and above the common-law duty to obtain requested coverage (Sawyer v Rutecki, 92 AD3d 1237, 1237 [4th Dept 2012], lv denied 19 NY3d 804 [2012], quoting Murphy v Kuhn, 90 NY2d 266, 270 [1997]). Moreover, Marsh established that plaintiff's generic request for coverage that was "equal to or better coverage" than its current policy was not a specific request that would have created a duty on the part of Marsh to obtain any particular type of coverage for plaintiff (see Hoffend & Sons, Inc. v Rose & Kiernan, Inc., 7 NY3d 152, 157-158 [2006]; 5 Awnings Plus, Inc., 108 AD3d at 1200-1201; cf. American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d 730, 735-736 [2012], rearg denied 20 NY3d 1044 [2013]). In opposition to Marsh's motion, plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Contrary to the contentions of Campany on its appeal, the court properly denied its motion inasmuch as there are triable issues of fact whether Campany was negligent in its roofing work and whether any such negligence was a proximate cause of the damages suffered by plaintiff. Where, as here, the opinion of a movant's expert is "squarely oppose[d]" by the opinion of the nonmovant's expert (Blendowski v Wiese [appeal No. 2], 158 AD3d 1284, 1286 [4th Dept 2018]), the court is presented with "a classic battle of the experts that is properly left to a jury for resolution" (Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018] [internal quotation marks omitted]).
The insurance defendants contend on their appeal that Travelers, the parent company of Phoenix, is not a proper party to this action, and that the court erred in denying their motion insofar as it sought summary judgment dismissing the amended complaint against Travelers on that ground. We reject that contention. Generally, it is well established that "[l]iability of a parent company for the [conduct] of a subsidiary does not arise from the mere ownership of a controlling shareholder interest. Rather there must be direct intervention by the parent in the management of the subsidiary to such an extent that the subsidiary's paraphernalia of incorporation, directors and officers are completely ignored" (Goodspeed v Hudson Sharp Mach. Co., 105 AD3d 1204, 1205 [3d Dept 2013] [internal quotation marks omitted]; see SUS, Inc. v St. Paul Travelers Group, 75 AD3d 740, 743 [3d Dept 2010]). Although Phoenix was listed as the "insuring company," we conclude that the insurance defendants failed to establish as a matter of law that Travelers did not "exercise[] complete dominion and control over [Phoenix]" (Merrell-Benco Agency, LLC v HSBC Bank USA, 20 AD3d 605, 609 [3d Dept 2005], lv dismissed in part and denied in part 6 NY3d 742 [2005] [internal quotation marks omitted]; see Stone Ridge Country Props. Corp. v Mohonk Oil Co., Inc., 84 AD3d 1556, 1557 [3d Dept 2011]; cf. SUS, Inc., 75 AD3d at 743).
The insurance defendants further contend that the court erred in granting plaintiff's motion for partial summary judgment concerning the policy's water exclusion and in denying [*2]their motion for summary judgment dismissing the amended complaint against them on the ground of the policy's rain limitation provision. We reject their contentions.
With respect to plaintiff's motion, the water exclusion precludes coverage related to "[w]ater or sewage that backs up or overflows or is otherwise discharged from . . . a drain." Nevertheless, the policy contains an exception to the exclusion, providing that the "exclusion does not apply to the backup or overflow of water . . . from drains within a building if the backup or overflow is not otherwise directly or indirectly caused" by other provisions of the water exclusion. It is undisputed that, on the two occasions at issue on this appeal, rain was caused to pond or pool on plaintiff's roof because drains within the building were clogged. It is likewise undisputed that the water then breached the seals of the roofing membrane and leaked into the facility. Thus, with respect to plaintiff's motion, the question is whether the ponding water constituted "backup or overflow of water" from the interior roof drain. If so, then the exception to the water exclusion would apply and there could potentially be coverage under the policy.
It is well settled that "parties cannot create ambiguity from whole cloth where none exists, [inasmuch as] provisions 'are not ambiguous merely because the parties interpret them differently' " (Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680 [2015]). With respect to the water exclusion, we conclude that plaintiff met its burden of establishing that there is no ambiguity inasmuch as plaintiff's interpretation of the exception to the water exclusion is the only reasonable interpretation thereof (see generally Walker v Erie Ins. Co., — AD3d &mdash, 2022 NY Slip Op 06332, *2-3 [4th Dept 2022]; Centerline/Fleet Hous. Partnership, L.P.—Series B v Hopkins Ct. Apts., L.L.C., 195 AD3d 1375, 1377 [4th Dept 2021], lv dismissed 37 NY3d 1227 [2022]). According to the insurance defendants, the exception to the water exclusion applies only if the water "start[ed] in and emanate[d] from the drain" and then reversed its flow, i.e., came back up out of the drain. We reject that contention and conclude that the insurance defendants' interpretation is inconsistent with "common speech and . . . the reasonable expectation of the average insured at the time of contracting" (J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 37 NY3d 552, 561 [2021], rearg denied 37 NY3d 1228 [2022] [internal quotation marks omitted]; see generally Christodoulides v First Unum Life Ins. Co., 96 AD3d 1603, 1604-1605 [4th Dept 2012]). We therefore conclude that the court properly determined that plaintiff established its entitlement to judgment as a matter of law on the issues that the terms "backup" and "overflow" as used in the exception to the water exclusion should be given their "plain meaning and common usage" and that the exception applies to the two incidents at issue in this action.
With respect to the insurance defendants' motion insofar as based on the rain limitation provision of the policy, that limitation provides that there is no coverage for loss that is a consequence of damage to "[t]he 'interior of a building . . .', or to personal property in the building . . . , caused by or resulting from rain," unless "[t]he building . . . first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain . . . enters; or
. . . [t]he . . . damage is caused by or results from thawing of snow, sleet or ice on the building." It is undisputed that the damage was not the result of an otherwise covered loss to the building or the thawing of snow, sleet or ice. Rather, a dispute exists whether the water that caused the damage was rain.
We agree with the insurance defendants that the water that fell on the roof of plaintiff's building during both relevant incidents was, at least initially, rain. The more significant question is whether that water lost its character as rain when it began to pond on the roof due to the clogged drains. In other words, it must be determined "whether pooled rainwater is 'rain' or 'water' " (Bradford Realty Servs., Inc. v Hartford Fire Ins. Co., 2022 WL 1486779, * 3 [5th Cir 2022]). However, even assuming, arguendo, that the insurance defendants established as a matter of law that the pooled water on the roof constituted rain (see id. at *4; but see Fidelity Co-Operative Bank v Nova Cas. Co., 726 F3d 31, 39-40 [1st Cir 2013]), we conclude that the insurance defendants failed to meet their burden of establishing that the water that ponded on the roof was "the 'proximate, efficient and dominant cause' of the loss" (Greenberg v Privilege Underwriters Reciprocal Exch., 169 AD3d 878, 880 [2d Dept 2019], quoting Album Realty Corp. v American Home Assur. Co., 80 NY2d 1008, 1010 [1992], rearg denied 81 NY2d 784 [1993]; see Ain v Allstate Ins. Co., 181 AD3d 875, 879 [2d Dept 2020]).
Here, there are multiple potential causes of the water entering plaintiff's facility, [*3]including the water that ponded on the roof, the clogged drains that caused the ponding, and defective workmanship. Inasmuch as the insurance defendants failed to establish "the proximate, efficient and dominant cause" of the loss (Greenberg, 169 AD3d at 880 [internal quotation marks omitted]; cf. Kennel Delites, Inc. v T.L.S. NYC Real Estate, LLC, 49 AD3d 302, 303 [1st Dept 2008]; Casey v General Acc. Ins. Co., 178 AD2d 1001, 1002 [4th Dept 1991]; see generally Potoff v Chubb Indem. Ins. Co., 60 AD3d 477, 477-478 [1st Dept 2009]; Home Ins. Co. v American Ins. Co., 147 AD2d 353, 354 [1st Dept 1989]), we conclude that the court properly denied their motion for summary judgment seeking dismissal of the amended complaint against them on the basis of the rain limitation.
We agree with the insurance defendants, however, that the court erred in ruling on the faulty workmanship exclusion of the policy inasmuch as that exclusion was not the subject of any motion before the court. The court determined that there are issues of fact on the application of the faulty workmanship exclusion and that, even if the exclusion were to apply, it "would at most only exclude the roof damage" and any "ensuing loss[ ]" would be covered. We agree with the insurance defendants that the court erred in addressing coverage under the faulty workmanship exclusion because the parties were not afforded an opportunity to address that issue (see Kamil El-Deiry & Assoc. CPA, PLLC v Excellent Home Care Servs., LLC, 208 AD3d 1170, 1170-1171 [2d Dept 2022]; Daimler Chrysler Ins. Co. v Keller, 164 AD3d 1209, 1210 [2d Dept 2018]). We therefore modify the judgment by vacating any determination on the insurance defendants' motion concerning the faulty workmanship exclusion.
Finally, contrary to the contention of the insurance defendants, we conclude that there are triable issues of fact concerning whether plaintiff sustained a covered business income loss under the policy.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court