*Joy Constr. Corp. v. StarStone Specialty Ins. Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand twenty-six.

PRESENT:
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges*,
> GARY S. KATZMANN,
> *Judge*.[*]

---

JOY CONSTRUCTION CORPORATION,

> *Plaintiff-Appellant*,

v.                                                                 25-1630

STARSTONE SPECIALTY INSURANCE COMPANY,

> *Defendant-Appellee*.

---

[*]    Judge Gary S. Katzmann, of the United States Court of International Trade, sitting by designation.

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | JOSHUA L. MALLIN, (Danielle N. Johnson, *on the brief*), Weg & Myers, P.C., Rye Brook, NY. |
| **FOR DEFENDANT-APPELLEE:** | RAFAEL RIVERA, JR. (Gary L. Gassman, *on the brief*), Cozen O'Connor, New York, NY and Chicago, IL. |

Appeal from a June 16, 2025 judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

This dispute concerns an insurance contract between Plaintiff-Appellant Joy Construction Corporation and Defendant-Appellee StarStone Specialty Insurance Company. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

I.     <u>Background</u>

Tanzima Tuli was a security officer at one of Appellant's construction sites. She filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that her supervisor sexually harassed her by frequently telling her he was sexually attracted to her and making overtures towards a sexual relationship,

despite her protests. Tuli also alleges that the supervisor groped her breasts in one instance. App'x at 90–97.

Joy Construction asserts that it is entitled to coverage for defending against Tuli's EEOC charge under its insurance policy with StarStone (the "Policy"). App'x at 54–88. The Policy provides insurance coverage for certain "Claims" defined therein. Relevant here, a "Claim" includes "a civil, administrative, regulatory or arbitration proceeding against an Insured, by reason of a Wrongful Act, which is commenced by service of a complaint or similar document or the filing of a notice of charges," with the relevant Wrongful Act being "any actual or alleged . . . sexual or workplace harassment including workplace bullying." App'x at 61.

The Policy also contains various exclusions from coverage, one of which is the Sexual & Physical Abuse Exclusion (the "Exclusion"). It specifies that StarStone will not pay damages and defense costs

> arising from any Claim . . . based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged:
>> a. sexual abuse;
>> b. physical abuse;
>> c. licentious, immoral or sexual behavior intended to lead to or culminate in any sexual act; or
>> d. transmission of any communicable disease . . . .

App'x at 83. StarStone has denied coverage over Joy Construction's defense of the EEOC charge pursuant to the Exclusion.

3

Joy Construction filed the operative Complaint in the District Court, seeking damages for breach of contract and declaratory judgments clarifying that StarStone has a duty to defend and a duty to indemnify under the Policy. StarStone moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and Joy Construction cross-moved for summary judgment. The District Court granted StarStone's motion to dismiss and denied Joy Construction's summary judgment motion as moot, and Joy Construction now appeals.

## II.   Discussion

This Court reviews the grant of a motion to dismiss de novo. *See City of Providence v. BATS Glob. Mkts., Inc.*, 878 F.3d 36, 48 (2d Cir. 2017). "At the motion to dismiss stage, a district court may dismiss a breach of contract claim only if the terms of the contract are unambiguous." *Edwards v. Sequoia Fund, Inc.*, 938 F.3d 8, 13 (2d Cir. 2019) (quoting *Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp.*, 830 F.3d 152, 156 (2d Cir. 2016)). "We review *de novo* both the district court's determination of whether a contract is ambiguous, and, as to an unambiguous contract, the district court's interpretation of its terms." *Law Debenture Tr. Co. v. Maverick Tube Corp.*, 595 F.3d 458, 468 (2d Cir. 2010) (citations omitted).

New York law applies to the Policy. "Under New York law, a written contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language they have employed." *Cruden v. Bank of New York*, 957 F.2d 961,

4

976 (2d Cir. 1992) (citing *Breed v. Ins. Co. of N. America*, 385 N.E.2d 1280, 1282 (N.Y. 1978)). New York courts construe exclusions from insurance coverage strictly, and the insurer bears the burden of showing that an exclusion has "a definite and precise meaning, unattended by danger of misconception . . . and concerning which there is no reasonable basis for a difference of opinion." *Pioneer Tower Owners Ass'n v. State Farm Fire & Cas. Co.*, 908 N.E.2d 875, 877 (N.Y. 2009) (quoting *Breed*, 385 N.E.2d at 1282). An illusory contract is unenforceable, and a broad exclusion that "would have the exclusion swallow the policy" renders insurance coverage illusory. *See Lend Lease (US) Constr. LMB Inc. v. Zurich American Ins. Co.*, 71 N.E.3d 556, 562 (N.Y. 2017) (quoting *Reliance Ins. Co. v. Nat'l Union Fire Ins. Co.*, 691 N.Y.S.2d 458, 460 (App. Div. 1999)).

At the core of the present dispute is whether "Claim" under the Policy refers to an individual legal claim or, instead, refers to the entire EEOC proceeding such that if any part of the proceeding is covered by the Exclusion, the entire proceeding is excluded. Joy Construction argues that it is the former, and that the District Court erred by construing "Claim" as the latter. However, "[w]e may affirm a district court's dismissal of a complaint on any basis supported by the record." *Scott v. Fischer*, 616 F.3d 100, 105 (2d Cir. 2010). We need not resolve Joy Construction's arguments about the meaning of "Claim" because its own proffered interpretation makes no difference

5

in the applicability of the Exclusion here.[1]

Assuming arguendo that "Claim" means an individual "cause of action," Appellant's Br. at 11, every cause of action in the EEOC proceeding involves either "sexual abuse" or "licentious, immoral or sexual behavior intended to lead to or culminate in any sexual act." App'x at 83. The entirety of the EEOC proceeding at issue is squarely in the heartland of the Exclusion, and we need not determine the outer bounds of what may constitute "licentious, immoral or sexual behavior intended to lead to or culminate in any sexual act."[2]

While the Exclusion defeats coverage for certain conduct as defined therein, it would not exclude coverage for all forms of sexual harassment.[3] Thus, the Exclusion is compliant with New York's rules against illusory coverage, and its application to every cause of action in this particular instance does not render the coverage provision of the Policy illusory. *Lend Lease*, 71 N.E.3d at 562 (explaining that "[a]n insurance policy is not illusory if it provides coverage for some acts [subject to] a potentially wide exclusion" (alterations in original) (quoting *Associated Cmty. Bancorp, Inc. v. St. Paul*

---

[1]     In particular, because we do not decide the controlling definition of "Claim," we need not address Joy Construction's argument that the broader reading of "Claim" meaning an entire proceeding would render the Policy's Allocation Provision superfluous.

[2]     The parties do not meaningfully dispute that the alleged groping in the EEOC charge constitutes sexual abuse.

[3]     According to the EEOC, sexual harassment includes "offensive remarks about a person's sex," such as "offensive comments about women in general." *Sexual Harassment*, U.S. Equal Emp. Opportunity Comm'n, https://www.eeoc.gov/sexual-harassment (last visited May 21, 2026).

*Mercury Ins. Co.*, 989 N.Y.S.2d 15, 16 (App. Div. 2014))).

### III.     Conclusion

We have considered Joy Construction's remaining arguments and conclude that they are without merit.    The judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7